COURT 
OF APPEALS
                                       
SECOND DISTRICT OF TEXAS
                                                   
FORT WORTH
 
 
                                        
NO. 2-04-360-CR
 
 
PAULA JOE 
STARRIN                                                           
APPELLANT
 
                                                   
V.
 
THE STATE 
OF TEXAS                                                                
STATE
 
                                              
------------
 
       FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT 
COUNTY
 
                                              
------------
 
                                
MEMORANDUM 
OPINION[1]
 
                                              
------------

Following 
the trial court=s 
denial of her motion to suppress evidence, Appellant Paula Joe Starrin, pursuant 
to a plea bargain, pled no contest to the offense of driving while intoxicated 
(DWI), reserving her right to appeal the denial of the motion.  The trial court convicted her of DWI and 
sentenced her to one hundred and twenty days in jail, probated for two years, 
and a $750 fine.  Appellant brings a 
single point on appeal, arguing that the trial court erred in denying her motion 
to suppress.  Because we hold that 
the trial court did not abuse its discretion in denying Appellant=s 
motion to suppress, we affirm the trial court=s 
judgment.
Appellant 
drove a 1998 Mercedes C280.  The car 
came equipped with three brake lights, also known as stoplampsCone on 
each side of the rear of the car and the third in the center of the car inside 
the rear window.  One evening, a 
Haltom City police officer stopped Appellant because her left rear stoplamp was 
not working.  The other two 
stoplamps were working.
Appellant 
argues that because Texas law requires only two functioning stoplamps, not 
three, she was in compliance with Texas law.[2]  The State correctly points out that to 
be in compliance with Texas law, drivers must also comply with federal standards 
for motor vehicles.[3]  Federal standards require passenger cars 
less than eighty inches wide to have three stoplamps on the rear of the 
carCone on 
each side of the car=s 
vertical midline, at the same height, and as far apart as practicable, and one 
high-mounted on the midline.[4]

As the 
State also points out, the record is silent concerning the width of 
Appellant=s 
car.  The State submits that a 2005 
Mercedes C280 is approximately 68 inches.  
We take judicial notice of the fact that a 1998 C280 is 67.7 inches 
wide.[5]  Consequently, the car should have had 
three functioning stoplamps.
Because 
there is no disagreement concerning the facts, the trial court ruled on a pure 
issue of law.  Only two stoplamps 
were functioning, and they were not on each side of the car=s 
midline at the same height.  
Appellant therefore violated federal and Texas law by driving with the 
nonfunctioning left stoplamp.[6]
 
 
 
 
 

Applying the appropriate 
standard of review,[7] 
we consequently hold that the trial court did not abuse its discretion in 
denying Appellant=s motion to 
suppress.  We overrule her sole 
point and affirm the trial court=s 
judgment.
 
 
 
 
LEE ANN 
DAUPHINOT
JUSTICE
 
PANEL 
B:   DAUPHINOT, WALKER, and 
MCCOY, JJ.
WALKER, 
J. concurs without opinion.
DO NOT 
PUBLISH
Tex. 
R. App. P. 
47.2(b)
 
DELIVERED:  December 8, 2005
 




[1]See Tex. R. App. P. 
47.4.

[2]See Tex. Transp. Code 
Ann. ' 547.323(a) (Vernon 1999).

[3]Id. 
' 547.3215.

[4]49 C.F.R. ' 571.108, S5.1.1, Tables III, IV 
(2005).

[5]See Tom Hagin, 
New Car Review:  1998 Mercedes 
Benz C280 Sport,  
http://www.theautochannel.com/vehicles/new/reviews/1998/solo9819.html. 


[6]See Tex. Transp. Code Ann. '' 547.3215, 547.004(a)(2); 49 C.F.R. ' 571.108, S5.1.1, Tables III, 
IV.

[7]See Guzman v. 
State, 
955 S.W.2d 85, 88‑89 (Tex. Crim. App. 
1997).